UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **RICKEY LOUIS ALFORD,** | ) |
| Petitioner, | ) Case No. CV 12-267-MMM(AJW) |
| v. | ) |
| **OCTAVIO C. LUNA,** | ) MEMORANDUM AND ORDER |
| **PATTON STATE HOSPITAL,** | ) DISMISSING PETITION |
| Respondents. | ) |

On January 11, 2012, petitioner filed this petition for a writ of habeas corpus.[1] For the following reasons, the petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

To begin with, the Court cannot discern the factual or legal

---

[1] Petitioner has filed more than fifty actions in this Court. Many of those cases have been dismissed for reasons similar to those that render the present petition subject to dismissal. See, e.g., Case Nos. CV 00-7562-AHM(AJW), CV 01-4278-MMM(AJW), CV 01-5115-CBM(AJW), CV 01-9763-GHK(AJW), CV 02-4428-GLT(AJW), CV 03-2509-MMM(AJW), CV 03-4931-TJH(AJW), CV 05-5986-RMT(AJW), CV 05-8656-RMT(AJW), CV 09-4458-MMM(AJW), CV 09-6030-MMM(AJW), CV 09-6047-MMM(AJW),CV 09-7349-MMM(AJW), CV 11-4248-MMM(AJW). In one, however, the Court appointed counsel to represent petitioner, and petitioner obtained relief in the form of sentence credits. See Case No. CV 04-4970-RMT(AJW).

basis for petitioner's claims.  Petitioner's allegations are nearly impossible to decipher.  For example, petitioner alleges the following as grounds for relief:

> Ground one: probable cause is lacking to pen [sic] another charge Fourth Amend.  Theirs [sic] no probable cause and Sixth Amendment attorneys not arguing, while under custody gives the Sheriff Dept to give added charges....
>
> * * * * *
>
> Ground two: These impression from the Doctor L. Muto, is because Alford on parole.  Because petitioner is on parole at the time of arrest that he is denied the Fourth and Fourteenth Amendment Due Process and Equal Protection of Law.
>
> * * * * *
>
> Ground three: Doctor L. Muto Psychologist have expressed his fear for going back to Jail.  Staying at the Patton State Hospital have given Alford every opportunity to deal with psychological problem working with both Dr. Loren C. King el [sic] Dr. L. Muto.
>
> * * * * *
>
> Ground four: Both attorney consulting Dr. L. Muto and Dr. Loren C. King psychologist.  After talking with Dr. Loren C. King we agree-ed to me talking with Dr. L. Muto, in which myself and Dr. Muto have been talking each week over the laws and how to work with the two attorneys.
>
> * * * * *
>
> Ground five: Granting both Dr. Loren C. King and Dr. L. Muto to talk with both attorneys.  Petitioner it should be clear

1     that Sheriff Deputies R. Tweedy and S. Crosby stopped
2     petitioner Alford for identification in S. Crosby report
3     which do not state probably cause.
4 [Petition at 5-6 and attached pages].

5     Rule 4 of the Rules Governing Section 2254 Cases provides that
6 "[i]f it plainly appears from the petition and any attached exhibits
7 that the petitioner is not entitled to relief in the district court,
8 the judge must dismiss the petition ...." Summary dismissal pursuant
9 to Rule 4 is appropriate only where the allegations in the petition
10 are "vague or conclusory," "palpably incredible," or "patently
11 frivolous or false." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
12 Cir. 1990)(quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).
13 As pleaded, the petition filed in this case is subject to summary
14 dismissal because the allegations are vague, incredible, and
15 frivolous. See generally O'Bremski v. Maass, 915 F.2d 418, 420 (9th
16 Cir. 1990)(explaining that "notice pleading is not sufficient," and
17 that the petition must state facts pointing to a "real possibility of
18 constitutional error")(quoting Blackledge, 431 U.S. at 75 n. 7), cert.
19 denied, 498 U.S. 1096 (1991).

20     Furthermore, to the extent that petitioner's allegations are
21 comprehensible, they do not appear to be related to the constitutional
22 validity of a specific conviction or sentence. Therefore, these
23 allegations cannot serve as a basis for federal habeas relief. See
24 Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973)(explaining that
25 habeas corpus proceedings are the proper and exclusive mechanism for
26 a prisoner to challenge the fact or duration of his confinement);
27 Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003)(explaining
28 that where a petitioner's claims, even if successful, would not

1 | shorten the duration of his custody, jurisdiction under 28 U.S.C.
2 | §2254 is absent), cert. denied, 541 U.S. 1063 (2004).
3 |     For the foregoing reasons, the petition is dismissed without
4 | prejudice to petitioner's ability to file a petition properly alleging
5 | intelligible grounds for federal habeas corpus relief.
6 |
7 | Dated: February 15, 2012
8 |
9 |                                               /s/ Margaret M. Morrow
10 |                                               Margaret M. Morrow
                                              United States District Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

RICKEY LOUIS ALFORD,             )
                                 )
        Petitioner,              )   Case No. CV 12-267-MMM(AJW)
                                 )
    v.                           )
                                 )   JUDGMENT
OCTAVIO C. LUNA,                 )
PATTON STATE HOSPITAL,           )
                                 )
        Respondents.             )
_____)

**It is hereby adjudged** that the petition for a writ of habeas corpus is dismissed without prejudice.


Date: _____

                                    _____
                                    Margaret M. Morrow
                                    United States District Judge